# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0144, <u>Alison Baker v. James Acheson, Jr.</u>, the court on August 1, 2017, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The defendant, James Acheson, Jr., appeals an order of the Circuit Court (<u>Pendleton</u>, J.) granting a domestic violence final order of protection to the plaintiff, Alison Baker. <u>See</u> RSA 173-B:5 (Supp. 2016). The defendant argues that the evidence was insufficient to show that he committed an act of abuse by slashing the tires on the plaintiff's motor vehicle.

We review sufficiency of the evidence claims as a matter of law and uphold the trial court's findings and rulings unless they are lacking in evidentiary support or tainted by error of law. <u>Achille v. Achille</u>, 167 N.H. 706, 715 (2015). We accord considerable weight to the trial court's judgments on the credibility of the witnesses and the weight to be given testimony. <u>Id</u>. at 715-16. We view the evidence in the light most favorable to the prevailing party, in this case, the plaintiff. <u>See id</u>. at 716.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>Id</u>. "Abuse" is defined in RSA 173-B:1 to include the commission or attempted commission of one or more of several criminal acts constituting a credible present threat to the plaintiff's safety, including destruction of property as defined in RSA 634:2 (2016). <u>See</u> RSA 173-B:1, I(e) (Supp. 2016).

The record shows that the plaintiff and defendant dated for approximately one year before ending their relationship in the summer or fall of 2016. The plaintiff testified that when she and the defendant were dating, she would typically leave her car at a Park & Ride on the route to wherever they were going, and that the defendant would typically drive them in his car to their destination.

The plaintiff testified that on January 21, 2017, she attended a party with a friend she was dating. She met the friend at a Park & Ride in Epping and left her car there. She was not sure whether she had ever left her car in the same Park & Ride when dating the defendant. However, the defendant testified that he knew the plaintiff would be going to the party that night

because he had been invited to the same party. He declined the invitation because he knew that the plaintiff planned to attend. When the plaintiff returned from the party at approximately 1:00 a.m., she found that all four tires on her vehicle were flat and had been slashed. The next day, the plaintiff reported the damage to the police. The police investigated and found that no other vehicles in the Park & Ride that night had been damaged.

The plaintiff testified that when she and the defendant ended their relationship, the defendant asked her to return everything he had given her or paid for, including the tires on her car. She testified that she returned everything, except for the tires. When she refused to return the tires and told him "that's ridiculous," the defendant called her a thief.

On appeal, the defendant first argues that the evidence was insufficient to support a finding that he slashed the plaintiff's tires. We disagree. Based upon this testimony, we conclude that a reasonable person could have found, by a preponderance of the evidence, that the defendant committed destruction of property as defined by RSA 634:2. See Achille, 167 N.H. at 715-16. We note that the defendant does not argue that, under these circumstances, his conduct did not constitute a present credible threat to the plaintiff's safety.

In light of our decision, we need not address the defendant's argument that there was no other finding of abuse sufficient to support the protective order. We reject his argument that the court's order requiring him to pay the plaintiff for the damaged tires was based upon an erroneous finding that he was responsible for the damage.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**